# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **PHILLIP E. BRIDWELL, #435667,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-1575-D** |
| | ) | |
| **RICHARD FERRELL, et al.,** | ) | |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action brought by a state prisoner.

Parties: Plaintiff is confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

Defendants are Richard Ferrell, Fred Chaney, Henry Morgan, Scott Shur, Robert Owen, Greg Curry, Philip R. Cerpanya, and Susan Cerpanya.

The court did not issue process in this case, pending preliminary screening. On December 21, 2007, the magistrate judge issued a questionnaire to Plaintiff. Due to Plaintiff's failure to submit complete answers, the court re-issued the questionnaire on January 10, 2008. Plaintiff filed his answers to the questionnaire on January 22, 2008.

Statement of Case: On January 25, 2007, a jury convicted Plaintiff of state security fraud

violations in *State v. Phillip E. Bridwell*, Nos. F06-00734 and F06-00735 (Crim. Dist. Court No. 6). Punishment was assessed at twenty-five years imprisonment. The court of appeals recently affirmed his conviction. *Bridwell v. State*, Nos. 05-07-00258-CR and 05-07-00259-CR (Tex. App. -- Dallas, Feb. 22, 2008, no pet.).

Plaintiff seeks to sue Defendants for alleged "civil and criminal acts" which ultimately led to his indictment and criminal conviction, for which he is presently confined within TDCJ-CID. Specifically, he alleges that Ferrell provided false testimony to the grand jury, that Chaney lied to the grand jury and during his state criminal trial, that the Cerpanyas permitted facts about their business to be presented at Plaintiff's trial in violation of a civil settlement suit, and that Curry (the attorney who represented the Cerpanyas) lied during Plaintiff's criminal trial. With respect to Morgan, Plaintiff alleges that he refused to testify to the grand jury and during his criminal trial, thus consorting with the rest of the Defendants to convict him. Scott Shur and Robert Owen allegedly represented Ferrell and Chaney in a state civil cause of action which resulted in a default judgment against Plaintiff while he was incarcerated. Plaintiff seeks monetary relief against all defendants.

<u>Findings and Conclusions</u>: Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *In re Moody*, 849 F.2d 902, 904 (5th Cir. 1988).

This action was initially filed in the Western District of Missouri, purportedly as a diversity action under 28 U.S.C. § 1332, seeking relief for various tort claims. In its transfer order, the court noted that Plaintiff claimed to be a legal resident of Missouri prior to his incarceration, that Defendants were Texas residents, thus satisfying the diversity requirement, but that venue was proper in the Northern District of Texas, where all events had taken place.

For purposes of diversity jurisdiction, some circuit courts have held that a prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to reside elsewhere when he is released, in which event he is a citizen of that state. *Bontkowski v. Smith,* 305 F.3d 757, 763 (7th Cir. 2002); *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). "This rule was based on the notion, borrowed from conflicts of law, that a change of domicile requires a voluntary act and that the domicile of a person cannot be changed by virtue of the legal and physical compulsion of imprisonment." *Jones*, 552 F.2d at 250-51. The Fifth Circuit has not addressed this question.

Plaintiff alleges that he was born in Missouri, and that he plans to return to Missouri following his release from TDCJ-CID, if approved presumably by a state parole officer. (*See* Complaint at 1, and Plaintiff's responses filed December 17, 2007, at 2).

Plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974). He cannot meet his burden in this case. His complaint is devoid of any allegations establishing that he was a Missouri resident immediately prior to his incarceration. On the contrary, the facts alleged in the complaint relate to events that occurred in Texas while Plaintiff was residing in the Dallas area and was an active member of Park Cities' Presbyterian Church along with some of the named defendants. This case is

3

distinguishable from *Bontkowski*, 305 F.3d at 763, where the prisoner plaintiff, who sued Illinois defendants, was a citizen of Florida prior to his arrest and incarceration in Illinois, had been transferred back to a Florida prison since filing the suit, and had no plans to return to Illinois. *See also Dreyer v. Jalet*, 349 F.Supp. 452, 465 (S.D. Tex. 1972) (prisoner plaintiffs, who prior to their incarceration in Texas resided in Kansas and Michigan respectively, sufficiently established diversity of citizenship), aff'd, 479 F.2d 1044 (5th Cir. 1973).

Therefore, the court concludes that it lacks diversity jurisdiction in this case. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435 (1806) (a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants); *Mas v. Perry,* 489 F.2d 1396, 1398-99 (5th Cir. 1974)); *see also Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Nor does the complaint allege facts giving rise to a federal claim against the Defendants. *See* 28 U.S.C. § 1331. Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 because none of the defendants acted under color of state law. Defendants are former friends and clients of Plaintiff, and their respective attorneys. Likewise none of the claims can be construed to raise a deprivation of a right secured by the Constitution or laws of the United States.

Since the complaint fails to present any basis for federal jurisdiction, the court lacks the authority to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).[1] Therefore, the complaint should be dismissed *sua sponte* for want of jurisdiction.

---

[1]      Section 1367(a) provides in pertinent part:
[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Assuming *arguendo* that Plaintiff could meet his burden of establishing diversity jurisdiction, the complaint would be subject to summary dismissal at the screening stage. The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B) which provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

Section 1915(e)(2)(B) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

Insofar as Plaintiff seeks to have the Defendants criminally prosecuted, his claims fail. Plaintiff does not have the right to have criminal charges filed against a third person. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990).

Moreover, absolute immunity shields Defendants Ferrell, Chaney and Curry from liability for the false or perjured testimony they allegedly provided to the Dallas grand jury that indicted Plaintiff, and/or during his criminal trial. *Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S. Ct. 1108, 1115 (1983) (citing common law rule). Absolute immunity was extended to private parties such as witnesses based on the function they served and the rationale underlying the grant

---

Constitution.

[2]    The screening provisions of 28 U.S.C. § 1915A are inapplicable since Plaintiff is not suing a governmental entity or employees of a governmental entity.

of immunity.  *Id.*; *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20, 96 S. Ct. 984, 991 n. 20 (1976); *See also Butz v. Economou*, 438 U.S. 478, 509- 510, 98 S. Ct. 2894, 2912 (1978).

The doctrine of *Heck v. Humphrey* also bars Plaintiff's claims against Ferrell, Chaney, Curry, Morgan and Phillip and Susan Cerpanyas for their direct or indirect involvement in his state prosecution.  A ruling in Plaintiff's favor on the various claims against the above Defendants necessarily implies the invalidity of his conviction.  *Cf. Churchill v. Whitaker*, 2005 WL 3534208 (N.D. Tex. Dec. 9, 2005), findings, conclusion and recommendation adopted Dec. 27, 2005 (federal prisoner's *Bivens* claim that ATF agents had violated his constitutional rights by paying a cooperating witness to perjure himself before a grand jury, which resulted in his conviction, was barred by *Heck*).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983."  *Id.* at 487.

Plaintiff's own assertions in the complaint confirm that he cannot satisfy the favorable termination requirement set out in *Heck.*  Plaintiff's criminal conviction has not been reversed on direct appeal, expunged by executive order, or called into question by a federal writ of habeas corpus.  Unless and until that occurs, Plaintiff cannot maintain a civil action for damages seeking

to undermine his underlying criminal conviction. *Heck*, 512 U.S. at 488-89; *accord Randell*, 227 F.3d at 301 ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery . . . .").

The court should dismiss Plaintiff's claims against Ferrell, Chaney, Curry, Morgan and the Cerpanyas with prejudice as frivolous to their being asserted again until the *Heck* conditions are met. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) *(quoting Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language)).

Lastly, the complaint seeks to sue Defendants Shur and Owen for causing a default judgment to be entered against Plaintiff in a state cause of action filed on behalf of Defendants Ferrell and Chaney. During the pendency of the state action filed by Shur and Owen, Plaintiff was incarcerated at the Dallas County Jail with very limited access to a law library. Plaintiff's allegations are conclusory at best. He identifies neither the style of the case in question, nor the claims alleged against him in the state petition. Even when liberally construed in accordance with his *pro se* status, the allegations against Shur and Owen fail to raise a cognizable state tort claim.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED for want of subject matter jurisdiction. Alternatively, it is recommended that the complaint be dismissed with prejudice as frivolous and for seeking to sue defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(b)(i) and (iii). Any *Heck* barred claims should be dismissed with prejudice as frivolous to their being asserted again until the *Heck* conditions are

met.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 9th day of May, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.